UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LETICIA MASON and SEAN
MASON, individuals,

    Plaintiff,

v.

Case No.:

SUNDANCE MASTER HOMEOWNERS
ASSOCIATION, INC., and ROBERT L.
TANKEL, P.A., d/b/a TANKEL LAW
GROUP,

    Defendants.

_____/

## COMPLAINT

**COME NOW**, Plaintiffs, LETICIA MASON and SEAN MASON (hereinafter, "Masons" or "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, SUNDANCE MASTER HOMEOWNERS ASSOCIATION, INC. (hereinafter, "SUNDANCE") and ROBERT L. TANKEL, P.A., doing business as TANKEL LAW GROUP (hereinafter, "TANKEL") (hereinafter collectively "Defendants") and in support thereof, Plaintiffs state:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers for TANKEL's violations of the Florida Consumer Collection Practices Act,

1

Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a *et. seq* (hereinafter, the "FDCPA") and for SUNDANCE's violations of the FCCPA wherein Defendants engaged in an attempt to collect—and did collect—a consumer debt from Plaintiffs that included court costs that did not exist.

## JURISDICTION, VENUE & PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FDCPA, 15 U.S.C., Section 1692, *et seq*.

3.      Supplemental jurisdiction exists over Plaintiffs' FCCPA claims pursuant to 28 U.S.C., Section 1367 as such claims are so closely related so as to form part of the same case or controversy.

4.      Jurisdiction and venue for purposes of this action are conferred by 15 United States Code, § 1692k(d), Florida Statutes, § 559.77, and 28 U.S.C, § 1391(b)(2), *et seq*.

5.      At all material times herein, the conduct of the Defendants, complained of below, occurs in Polk County, Florida.

6.      At all material times herein, Plaintiffs are individuals residing in Polk County, Florida.

Case 8:21-cv-00718-CEH-AEP   Document 1   Filed 03/25/21   Page 3 of 13 PageID 3

7. At all material times herein, SUNDANCE MASTER HOMEOWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located at 28609 Highway 27 North, Dundee, Florida 33838.

8. At all material times herein, ROBERT L. TANKEL, P.A. is a Florida corporation with its principal place of business located at 1022 Main Street, Suite D, Dunedin, Florida 34698 that regularly does business, and regularly collected debts from consumer property owners within Polk County, Florida where the causes of action herein accrued.

9. At all material times herein, ROBERT L. TANKEL, P.A. does business in Florida under the registered fictitious name "TANKEL LAW GROUP," bearing a Florida Secretary of State Divisions of Corporations Registration Number G15000102519.

10. At all material times herein, TANKEL uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

11. At all material times herein, TANKEL regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3

## **FDCPA STATUTORY STRUCTURE**

12. The FDCPA is a federal consumer protection statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e).

13. The FDCPA imposes civil liability on any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and prohibits engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6).

14. Specifically, the FDCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2) (emphasis added).

15. For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from communicating directly with a debtor known to be

represented by an attorney in an attempt to collect a consumer debt.  *See* 15 U.S.C. §§ 1692(d)-(e).

## FCCPA STATUTORY STRUCTURE

16. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.  15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

17. The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who engages in particular violative conduct in connection with collecting consumer debts.  *See* Fla. Stat. § 559.55(5).

## GENERAL ALLEGATIONS

18. At all material times herein, Plaintiffs are "consumers" as defined by the FDCPA and FCCPA because they are each natural persons allegedly obligated to the pay the Debt (as such term is more fully described *infra*).

19. At all material times herein, TANKEL is a "debt collector" as defined by the FDCPA because it is a person who uses any instrumentality of interstate commerce, or the mails in a business, the principal purpose of which

is the collection of any debts, or who regularly collects to attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including but not limited to the Debt at issue herein, allegedly owed to SUNDANCE.

20. In furtherance of its principal purpose of debt collection, TANKEL regularly sends written communication to consumer debtors requesting payment, threatening legal consequences, files lawsuits for debt collection and foreclosure seeking both in rem and in personam relief, and regularly collects debts from consumers via garnishment of liquid funds and property and repossession of collateral.

21. At all material times herein, Defendants attempted to collect a debt consisting of delinquent assessments, late fees, interest, and costs allegedly accruing between July 1, 2020 and November 4, 2020 incurred incident to Plaintiffs' ownership interest in the property located at 4309 Cinemark Court, Mulberry, Florida 33860 (hereinafter, the "Debt").

22. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

23. At all material times herein, Defendants are "persons" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

24. At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FDCPA and FCCPA.

25. Specifically, at all material times herein, the subject letter (as described further *infra*) was a "communication" as defined by the FDCPA and FCCPA because it was made by SUNDANCE AND TANKEL for the purpose of communicating information regarding the Debt directly or indirectly to Plaintiffs and made with the intent of inducing Plaintiffs to pay the same.

26. At all material times herein, Defendants acted themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

27. Plaintiffs have retained undersigned counsel for purposes of this matter and are obligated to pay their attorneys a reasonable fee and reimburse their attorneys for reasonable costs expended in this action.

28. Plaintiffs are entitled to attorneys' fees and costs pursuant to the FDCPA and FCCPA.

29. All necessary conditions precedent to the filing of this action occurred or Defendants have waived the same.

## **FACTUAL ALLEGATIONS**

30. At all times herein, Plaintiffs are the owners of the property located at or about 4309 Cinemark Court, Mulberry, Florida 33860 (hereinafter, "Property").

31. As owners of the Property, Plaintiffs are obligated to pay assessments that come due upon the Property.

32. The Property's assessments are due from Plaintiffs to SUNDANCE on a quarterly basis.

33. Plaintiffs did not pay the assessment amount that became due to SUNDANCE on or about July 1, 2020.

34. Plaintiffs did not pay the assessment amount that became due to SUNDANCE on or about October 1, 2020.

35. Between October 1, 2020 and November 4, 2020, SUNDANCE engaged TANKEL to collect Plaintiffs' Debt owed to SUNDANCE.

36. On or about November 4, 2020, TANKEL, on behalf of and with the approval of SUNDANCE, sent a letter to Plaintiffs (hereinafter, "Letter"). Please see a true and correct copy of the letter and its enclosures attached as "Exhibit A."

37. Defendants sent the Letter to Plaintiffs with the intent of inducing Plaintiffs to pay all amounts contained in the Letter.

38. The Letter was from TANKEL to Plaintiffs and set forth an amount due on the Debt and stated "[t]his communication is from a debt collector … [t]his is an attempt to collect a debt." *See* Ex. A.

39. The Letter set forth a "[t]otal outstanding" balance of $760.55. *Id*.

40. The Letter demanded that Plaintiffs pay the Debt's outstanding balance in order to avoid negative consequences, including the recordation of a lien against the Property and "substantial additional legal fees and costs" if "further legal action [is] necessary." *Id*.

41. The Letter further included instructions for Plaintiffs to render the demanded payment on the Debt, including the identity of the proper payee (TANKEL), and mailing instructions. *Id*.

42. The Letter included a print-out dated November 4, 2020 reflecting a line-item breakdown of the $760.55 outstanding Debt balance quoted in the Letter's text. *Id*.

43. Among the line items comprising the Debt was a $350.00 charge was noted as "legal fee."

44. Further noted among the line items comprising the Debt was a $25.00 charge labeled as "court cost."

45. At the time of the Letter, no lien had been recorded for the Debt and no "court costs" existed.

46. At the time of the Letter, Plaintiffs owed no court costs to SUNDANCE or TANKEL as a part of the Debt.

47. At the time of the Letter, Defendants knew that no court costs existed for reasons including, but not limited to, the fact that the Letter contained a warning that a lien *would be* recorded *if* payment was not made, not an advisement that a lien *had been* recorded.  See *Id*.

48. In January 2020, Plaintiffs contacted TANKEL to make arrangements to make payment on the Debt to avoid further collection activity and the threatened lien and "additional legal fees and costs."

49. Between January 2020 and February 2020, Plaintiffs made payments to TANKEL on behalf of (and for the benefit of) SUNDANCE totaling at least $941.00.

50. No lien was ever recorded for the Debt at any time.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d, and 1692f

*(Against TANKEL only)*

Plaintiffs re-allege paragraphs one (1) through fifty (50) as if fully restated herein and further state as follows:

51. TANKEL is subject to, and violated, the provisions of, United States Code, Section 1692d by engaging in conduct the natural consequence

of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

52. More specifically, TANKEL sent the Letter to Plaintiffs in an effort to collect the Debt and intentionally included amounts ($25.00) labeled as "court costs" despite the fact that no court costs existed in relation to the Debt.

53. Defendant is subject to, and violated the provisions of, United States Code, Section 1692f by using unfair and unconscionable means to collect the Debt; specifically, TANKEL sent the Letter to Plaintiffs in an effort to collect the Debt and included amounts ($25.00) labeled as "court costs" despite the fact that no court costs existed in relation to the Debt.

54. Accordingly, TANKEL violated 15 United States Code, Sections 1692d and 1692f.

55. Plaintiffs paid the $25.00 "court cost" fee demanded by the Letter.

56. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by United States Code, Section 1692k.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7) and (9)

*(Against All Defendants)*

57. Plaintiffs repeats and re-alleges the allegations contained in paragraphs one (1) through fifty (50) as if fully stated herein.

58. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by asserting the existence of a legal right to collect $25.00 in "court costs" from Plaintiffs despite possessing actual knowledge that no court costs existed in relation to the Debt and the $25.00 was not legitimate.

59. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff; specifically by demanding that Plaintiffs pay $25.00 in "court costs" despite no court costs existing in relation to the Debt.

60. As a direct and proximate result of Defendants' actions, Plaintiffs sustained actual and statutory damages as defined by Florida Statutes, Section 559.77.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests:

    a. Judgment against TANKEL for maximum statutory damages for violations of the FDCPA;

    b. Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

    c. Actual damages in an amount to be determined at trial;

    d.    An award of attorneys' fees and costs; and

    e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby gives notice to Defendants and demands that Defendants and their respective affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD , P.A.**

/s/ *Jordan T. Isringhaus* (TRIAL COUNSEL)
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
**Jon P. Dubbeld, Esq., FBN: 0105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*